Mr. Alston's motion to terminate his supervised release is
granted.  Congratulations to Mr. Alston.

SO ORDERED.

*Loretta A. Preska*  12/7/2022

UNITED STATES DISTRICT COURT
Southern District of New York

RECEIVED OCT 03 2022 U.S.D.C. V.P.

UNITED STATES OF AMERICA

v.

RONELL ALSTON

Case No. 08 Cr. 654

## MOTION TO TERMINATE SUPERVISED RELEASE
## AFTER COMPLETION OF ONE-YEAR OF SUPERVISION
## PURSUANT TO TITLE 18 U.S.C. S 3583(e)(1)

NOW COMES, *Ronell Alston* appearing *Pro se*, and files this "Motion to Terminate Supervised Release", pursuant to 18 U.S.C. € 3583(e)(1).

### INTRODUCTION

The District Court enjoys "broad discretion" when after taking into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence, "it discharges a defendant's supervised release. See *United States v. Jeanes*, 150 F. 3d 483, 484 (5th Cir. 1998). These [factors] are largely the same considerations the court must assess when imposing the original sentence." [I]Id.

Title 18 U.S.C. € 3583(e)(1) states that: "The Court may, after considering the factors set forth in (a)(1), (a)(2)(B), (a)(2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

"Claims of injustice or unfairness may be properly evaluated – as one factor among many – under broad and general directive of € 3583 (e)(1), *"Jeanes* at 484-485. However, the Court

must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." Id.

As the Supreme Court has noted: [€ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its re-imposition or continuation at a later time. Congress wrote that when a Court finds that a defendant's conduct and the interest of justice warrant it, the court may "terminate a term of supervised release and discharge the person released," once at least a year of supervised release time has been served.

*Johnson v. United States*, 529 U.S. 694, 120 S.Ct. 370, 146 L.E.2d 727, 738 (2000)

## DISCUSSION

Movant *Alston*, respectfully asks this Court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice."

I.

*Alston* has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the Court's express terms of supervision, including abstaining from drug use (as evidenced by his continued "clean" drug monitoring), fully obeying the law, and diligently complying with the requirements of the Probation Department.

II.

When evaluating his offense conduct, criminal history, and potential for further crimes, *Alston* believes this Court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle," See **Publication 109, p.37 (1993), U.S. Administrative Office of Courts.** See also, **Publication 109, Chapter 111, p. 19-21 (2007 Revision)**

*Alston* meets all the following suggested criteria from **Publication 109 (.20):**

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

## CONCLUSION

WHEREFORE, premises considered, Alston asks this court to terminate his supervised release term early for the afore-mentioned reasons.



DATED: 9-29-2022

Respectfully Submitted,

*Ronell Alston*, Pro Se

State of New York
County of New York
Before me this 29 day of September
20 22 came Ronell Alston, the person described in and who signed the foregoing document, who swore to the contents thereof.
Ramsy Jimenez
Notary Public

RAMSY F. JIMENEZ
Notary Public, State of New York
NO. 01JI6423120
Qualified in Queens County
Commission Expires, October 04, 2025

Lonell Alston
11 Pease Street
Mt. Vernon, N.Y. 10553

WESTCHESTER NY 105
29 SEP 2022 PM 1 L

RECEIVED
OCT 03 2022
U.S.D.C.
W.P.

Court Clerks Office
United States District Court
300 Quarropas Street
White Plains, New York - 10601

Legal Mail

10601-414000